UNITED STATES of America, Plaintiff,

v.

**Rodney S. MAYO, Defendant.**

**Crim. A. No. 90–71–01.**

United States District Court,
D. Vermont.

Feb. 26, 1993.

John–Claude Charbonneau, Asst. U.S. Atty., Rutland, VT, for U.S.

Timothy Lawliss, Lawliss & Lawliss, Burlington, VT, for defendant.

### OPINION AND ORDER

PARKER, Chief Judge.

Defendant Rodney Mayo has moved for a new trial on the ground of ineffective assistance of counsel. Mayo asserts two grounds for his motion: that there was a complete breakdown in communications between himself and his trial attorney and that his trial

attorney failed to conduct adequate pre-trial investigation and preparation.

Motions for a new trial are governed by Federal Rule of Criminal Procedure 33, which allows a district court to grant a new trial "if required in the interest of justice." As stated by the Second Circuit:

> The rule contains explicit time limits: a motion based on "newly discovered evidence" must be made within two years of final judgment, while a motion on any other grounds must be made "within 7 days after verdict or finding of guilt or within such further time as the court may fix during the 7 day period." These time limits are jurisdictional. If a motion is not timely filed, the district court lacks power to consider it.

*U.S. v. Dukes,* 727 F.2d 34, 38 (2d Cir.1984).

The verdict in this case was entered on June 14, 1991. On July 8, 1991 defendant filed an "Affidavit" in which he requested dismissal of his trial counsel, appointment of new counsel and a new trial. On July 17, 1991 this Court denied defendant's motion for a new trial, finding it untimely under Fed.R.Crim.P. 33. New counsel eventually was appointed.

The instant motion and its voluminous appendices do not present any newly discovered evidence. Defendant's only basis for the motion is what appears to be nothing more than an expanded version of the previous claim of ineffective assistance of counsel made in the July 8, 1991 affidavit and motion. Because the *Dukes* court declined to treat ineffective assistance of counsel claims as newly discovered evidence, *Dukes* 727 F.2d at 38–39, the 7 day time limit for filing motions for a new trial applies. As such, defendant's motion is untimely and this Court is accordingly without jurisdiction to hear the motion.

Defendant's motion for a new trial is DENIED.